UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS TAVERAS and ROSA TAVERAS,
                              Plaintiffs,

                    -v-

BROOKS SHOPPING CENTERS LLC
a/k/a CROSS COUNTY SHOPPING
CENTER and THE STOP AND SHOP
SUPERMARKET COMPANY LLC a/k/a
SUPER STOP & SHOP #0522,
                              Defendants.

18-CV-10604 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

Plaintiffs initially filed this personal injury action against Defendants Brooks Shopping

Centers LLC ("Brooks") and The Stop and Shop Supermarket Company LLC ("Stop and Shop")

(collectively, "Defendants") in New York Supreme Court for Bronx County. Stop and Shop has

removed the action to this Court, invoking this Court's diversity jurisdiction pursuant to 28

U.S.C. § 1332. (Dkt. No. 1.) On November 20, 2018, this Court issued an order to show cause

(the "November 20 Order") directing Stop and Shop to demonstrate this Court's subject-matter

jurisdiction, or face remand. (Dkt. No. 7.) For the following reasons, however, Stop and Shop

has failed to meet its burden.[1] Therefore, this case is remanded to New York Supreme Court,

Bronx County.

---

[1] The November 20 Order directs Stop and Shop to show cause as to why this action
should not be remanded for lack of subject-matter jurisdiction. Instead of showing cause, Stop
and Shop erroneously filed a proposed order to show cause as a response. (Dkt. No. 8; *see* Dkt.
No. 12 at 2.) But because Stop and Shop's memorandum of law at Docket Number 12 represents
an effort to answer this Court's concerns regarding subject-matter jurisdiction, this Court
construes it as a response to this Court's November 20 Order.

First, Stop and Shop does not allege the citizenship of each of the members of the other LLC Defendant, Brooks. In the November 20 Order, this Court explained that diversity jurisdiction was lacking unless Stop and Shop could "allege that no member of *either of the LLC Defendants* was a citizen of the same state as either Plaintiff on the date of removal." (Dkt. No. 7 at 1 (emphasis added).) In response, Stop and Shop has provided an affidavit alleging only that *Stop and Shop's* sole member, Ahold U.S.A., has diverse citizenship from either Plaintiff. (Dkt. No. 12-6; *see* Dkt. No. 12 at 3.) However, nowhere in its filings does Stop and Shop allege the citizenships of *Brooks'* members. (*See* Dkt. Nos. 8–12.) Without knowing that each member of Brooks has diverse citizenship from each Plaintiff, this Court cannot exercise subjective-matter jurisdiction over this action.

Second, the Court directed Stop and Shop to demonstrate a reasonable probability that the amount in controversy exceeds $75,000, the statutory jurisdictional amount. (Dkt. No. 7 at 2.) Stop and Shop attempts to rely on Plaintiffs' silence on damages to establish "that the amount in controversy is more than $75,000." (Dkt. No. 12 at 4.) However, the Court cannot infer from silence that the amount in controversy probably exceeds the statutory threshold. As such, Stop and Shop, for this reason too, has failed to demonstrate that this action satisfies the statutory requirements for this Court's subject-matter jurisdiction.

Third, Stop and Shop fails to show that Brooks has consented to the removal. This Court explicitly directed Stop and Shop to show that Brooks consents to the removal (Dkt. No. 7 at 2), in order to show that this removal satisfies the consent requirement of 28 U.S.C. § 1446(b)(2)(A). Stop and Shop fails to present any affidavit or letter from Brooks to show that it has consented to the removal. Rather, Stop and Shop attempts to demonstrate that Brooks "has not objected to the removal" on the basis of its silence. (Dkt. No. 12 at 5.) The Court cannot

infer from Brooks' mere inaction that it has consented to join the removal. Accordingly, the removal is improper for yet another reason.[2]

For the foregoing reasons, this action is hereby REMANDED to New York Supreme Court, Bronx County. The Clerk of Court is directed to effectuate the remand.

SO ORDERED.

Dated: December 27, 2018
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[2] Plaintiffs argue that the removal was improper for the additional reason that it was untimely. (Dkt. No. 15.) In light of the Court's conclusion that remand is warranted for independent reasons, the Court need not reach the question of timeliness.